IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-08-145-11-C |
| ) | CIV-17-659-C |
| JUAN JAQUEZ, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed the present action pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In his Motion, Defendant asserts his court-appointed counsel was ineffective in his defense of the underlying case where Defendant entered a guilty plea to one count of a superseding information. The Court accepted Defendant's guilty plea and sentenced him to 10 years' imprisonment. Plaintiff responded to the § 2255 Motion and it is now at issue.

The Motion must be denied due to its untimeliness. The Court entered Judgment on January 5, 2011, and it became final thirty days later.* Therefore, Plaintiff had until February 4, 2012, to file this Motion. See 28 U.S.C. § 2255(f)(1). However, Plaintiff did not file the present Motion until June 15, 2017, well beyond the period of limitation. Plaintiff presents no equitable tolling argument, nor do the facts of the case justify tolling.

---

* Defendant did make a Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) on July 13, 2015, which the Court denied and Defendant appealed. The Tenth Circuit entered its judgment affirming the decision on February 18, 2016. The appeal was unrelated to the judgment of conviction, and thus the time accrued from the date the Judgment became final. Even if time accrued at the conclusion of the appeal, the Motion would still be untimely.

## CONCLUSION

Accordingly, Defendant's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 625) is DENIED. A separate Judgment shall issue.

IT IS SO ORDERED this 7th day of September, 2017.

ROBIN J. CAUTHRON
United States District Judge